JOHN B. DAVIS *v.* JOHN GAULT, SR., ADM'R.

**Landlord and Tenant—Statute of Frauds—Counterclaim.**

Where a tenant, by written lease for five years agrees to pay each of three joint landlords a stipulated rental, and where to induce one of such lessors to sign the lease the tenant agrees to pay him an extra amount and writes a letter to such landlord agreeing to such extra payment, and afterward makes such extra payments, he cannot by counterclaim recover back such extra rent in a suit instituted on such written lease.

**Statute of Frauds.**

The letter signed by the tenant is sufficient to take his promise to pay the additional rent for five years out of the statute of frauds.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 30, 1874.

OPINION BY JUDGE COFER:

Two distress warrants were sued out by John Gault against John B. Davis for two instalments of rent claimed by Gault to be due him from Davis for property in Louisville, called the Washington Foundry, and levied on two steam engines as the property of the defendant. The demands for the rent were controverted by answer, in which it is claimed that Davis, the appellant, had paid of the rent up to October 1, 1872, to Gault, $1,247.21 more than by the terms of the lease were then due him; which he pleaded as a counterclaim, and also claimed a large amount by way of damages for the taking his property by distress when no rent was due, as is alleged, and for costs. The Washington Foundry was the joint property

of Gault, Inman and Mrs. Anna E. Bell; they, by a written contract, leased it in the fall of 1876 to Davis, for five years from January 1, 1868, at the annual rent of $8,100, one-third of which was to be paid in quarterly instalments to each of the owners; and Davis gave personal security for the payment of the rent. In Gault's reply to the counterclaim, he denies that the distress was illegal or excessive, and denies that the business of Davis has been injured by reason of said distress, and concludes his reply as follows: he denies that the defendant had paid him $1,247.21 or any part thereof more than the defendant owed him by the terms of the rent, etc.; and he denies each and all allegations of said counterclaim; and having fully answered, he asks that said counterclaim be dismissed, for costs and for general relief. The law and facts were submitted to the judge, and judgment having been rendered in favor of Gault, Davis has appealed to this court. From the evidence, it appears that in addition to $2,700 per annum paid to Gault in quarterly instalments for the years 1868, 1869, 1870 and 1871, Davis paid to him the sum of three hundred dollars per annum for each of those years; which, with the interest for delays on some of the payments, perhaps made up the sum of $1,247.21 for which credit is claimed.

On the trial Gault was sworn as a witness on his own behalf, and stated Mrs. Bell and Inman having signed the written lease, Davis brought it to him to sign; he refused to sign it, and told Davis that he would not take the amount stipulated in the lease to be paid him for his part of the rent; that he would not take less than $3,000 per annum for his part of the rent; that Davis replied that the lease was already signed by the other owners of the property, and he did not wish to have it changed, but if he would sign it he would pay him the additional sum of $300 per annum for his part of the rent during the term, and he then signed it, Davis having undertaken and promised to pay him $3,000 per annum for his part of the rent; that this agreement was not known to Davis and himself, to his knowledge, but that he had told Mrs. Bell and William Inman before they signed the lease that he would not take $2,700 per annum rent for his part of the property; this agreement was verbal; that afterwards Davis, in a letter to him, acknowledged the promise and agreed to pay him, which letter, dated in April, 1868, is copied in the record. Davis, by his attorney, objected to the evidence of Gault, and to the introduction of the letter written by him to Gault in which he acknowledged his agreement to pay the additional $300

per annum rent, as incompetent; but the court below overruled his objections and admitted the evidence, to which Davis excepted.

If the written lease between the parties had set forth the whole of their contract, parol contemporaneous evidence would not be admissible, to contradict or to vary the terms of the writing. Greenleaf on Evidence, § 275. But in this case the agreement to pay the $300 additional rent is not in parol only, for Davis in the letter referred to says:

"Our private understanding I intend vigorously to observe; that is, that you receive from me $300 per year in addition to the other," etc. In a previous part of the same letter he had stated that the rent, as evidenced by the written lease, was $8,100 per annum, which would be $675 to Gault every three months, so that the agreement to pay the additional $300 per annum is in writing, signed by Davis; and besides, the contract was in part executed; the $1,247.21 claimed were paid in execution of that contract; and in a controversy between Gault and Davis we do not perceive the legal principle upon which the latter could recover it back from Gault.

As to the remaining $300, for which the distress is in part made, there is a direct promise in writing to pay the same, which takes it out of the operation of the statute against frauds and makes it obligatory on appellant to pay the same.

Wherefore the judgment is *affirmed*.

*Mundy, for appellant.*
*Reid & Carey, for appellee.*